# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

LA UNION DEL PUEBLO ENTERO, *et al.*,

Plaintiffs-Appellees,

v.

WILBUR L. ROSS, *et al.*,

Defendants-Appellants.

Nos. 19-1382, 19-1387
19-1425 (Cross-Appeal)

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE

### Introduction and Summary

The government respectfully opposes plaintiffs' motion for expedition and asks that the appeals be placed in abeyance pending the Supreme Court's decision in *Department of Commerce v. New York*, No. 18-966, in which a decision is expected by the end of June.

The district court in this case enjoined the inclusion in the 2020 decennial census of a question regarding citizenship. The court held that inclusion of the question violated the Census Act, 13 U.S.C. 1 *et seq.*, the Administrative Procedure Act (APA), 5 U.S.C. 701 *et seq.*, and the Enumeration Clause, U.S. Const. art. I, § 2, cl. 3. In *Department of Commerce v. New York*, No. 18-966, the Supreme Court is reviewing the validity of an order enjoining inclusion of the proposed citizenship question on each

of the grounds relied on by the district court here. The Supreme Court's holding, which will issue by the end of June, will almost certainly be dispositive of the government's appeal here. Any briefing on the validity of the injunction prior to the Supreme Court's ruling would be of no benefit to this Court and would needlessly consume the resources of the parties.

  Plaintiffs do not dispute that the Supreme Court's ruling will be controlling with regard to the basis of the district court's injunction. They note, however, that they have also sought to enjoin the inclusion of the citizenship question on equal protection grounds, an argument that the plaintiffs in the cases pending before the Supreme Court did not press after the government addressed it in its opening brief before the Court. The district court (like every other court to consider the issue) rejected plaintiffs' equal protection claim, and plaintiffs have filed a cross-appeal from that ruling. The Supreme Court's decision may squarely address the equal protection argument, but, even if it does not, its analysis of the legality of the agency's action will be highly relevant to—and likely dispositive of—the equal protection issue as well. And, of course, if the Supreme Court were to affirm the injunctions before it, there would be no need for this Court to consider any of the claims here at all.

  Accordingly, it makes little sense to commence briefing here before the Supreme Court's decision, expected to come in June. The appropriate course would be to place the appeals in abeyance pending that decision. If for some reason the Supreme Court's decision is not entirely dispositive of all of the claims in this case,

including the equal protection claim, the government would have no objection to establishment of an expedited schedule at that point. Moreover, although doing so would make little sense, we have no objection to plaintiffs filing an opening brief in their cross-appeal in advance of the Supreme Court's decision as long as the government's response brief is not due until at least two weeks after the Supreme Court's decision issues.

Plaintiffs' motion to expedite is particularly anomalous in light of its timing. Plaintiffs recognize that the government must finalize the 2020 Census questionnaire by the end of June. Mot. ¶ 3. Plaintiffs have long been aware of this fact. Nevertheless, plaintiffs waited until May 15, 2019, more than five weeks after the district court entered its decision in this case, to file their motion for extraordinary expedition—with no explanation for their delay. Moreover, their motion proposes a schedule that calls for the filing of a wholly unnecessary government brief on June 3, 2019, which is just two weeks from now. There is no sound basis for granting plaintiffs' motion, which should be denied.

## DISCUSSION

**A. 1.** Plaintiffs in these cases challenge the Secretary of Commerce's decision to add a citizenship question to the 2020 decennial census. In their complaint, plaintiffs asserted that the decision violates the Census Act, the APA, the Enumeration Clause of the Constitution, and the equal protection component of the Fifth Amendment. Identical challenges were brought by plaintiffs in the Southern

3

District of New York and the Northern District of California. *See State of New York v. U.S. Department of Commerce*, No. 18-cv-2921 (S.D.N.Y); *The New York Immigration Coalition v. U.S. Department of Commerce*, No. 18-cv-5025 (S.D.N.Y.); *California v. Ross*, No. 18-cv-1865 (N.D. Cal.); *City of San Jose v. Ross*, No. 18-cv-2279 (N.D. Cal.).

On January 15, 2019, the district court in the New York cases entered a permanent injunction barring the Secretary from including a citizenship question on the 2020 census. The court concluded that the Secretary's decision violated the Census Act and the Administrative Procedure Act, but rejected plaintiffs' claims that the decision violated the Enumeration Clause or equal protection. *See New York v. United States Department of Commerce*, 351 F. Supp. 3d 502, 529, 635-71 (S.D.N.Y. 2019).

In light of the June 2019 deadline for the finalizing the census questionnaire, the government sought certiorari before judgment from the district court's decision shortly after it was issued and asked the Supreme Court to expedite briefing and oral argument. *See* Motion for Expedited Consideration, *Department of Commerce v. State of New York*, No. 18-966 (U.S., filed Jan. 25, 2019). The Supreme Court granted certiorari before judgment and ordered expedited briefing and argument. *See* Order, *Department of Commerce v. State of New York*, No. 18-966 (U.S. Feb. 15, 2019).

Meanwhile, on March 6, 2019, the district court in the California cases issued a decision likewise enjoining the Secretary's decision. *California v. Ross*, 358 F. Supp. 3d 965 (N.D. Cal. 2019). Like the court in *New York*, the district court found that the

4

decision violated the APA and the Census Act. *See id.* at 1037-46. But, unlike the court in *New York*, the court also found that the decision violated the Enumeration Clause (the plaintiffs in the California cases did not assert an equal protection claim). *See id.* at 1048-49.

Because the *New York* district court had rejected the plaintiffs' Enumeration Clause claim, the government immediately filed a letter with the Supreme Court urging it to address the Enumeration Clause, which remained an alternative ground for affirmance, in its disposition of that case. *See* Letter, *Department of Commerce v. New York*, No. 18-966 (U.S. Mar. 11, 2019). The Supreme Court subsequently ordered the parties to brief and argue the Enumeration Clause question. *See Department of Commerce v. New York*, No. 18-966, Order (U.S. Mar. 15, 2019).

**2.** On April 5, 2019, the district court entered the decision and injunction at issue in these appeals. *See Kravitz v. United States Department of Commerce*, 366 F. Supp. 3d 681 (D. Md. 2019). The court concluded that the Secretary's decision violated the Census Act, the Administrative Procedure Act, and the Enumeration Clause, for the same reasons given by the other district courts. *See id.* at 742-52.

Like the court in *New York*, the district court also rejected plaintiffs' equal protection claim. *See id.* at 753-54. The court emphasized that plaintiffs had "offered little, if any, evidence showing Secretary Ross harbors animus towards Hispanics or that such animus impacted his decision," and thus could not establish that Secretary Ross acted with a racially-motivated discriminatory intent. *Id.* at 754.

5

The government filed a notice of appeal on April 8, 2019.  *See La Union Del Pueblo Entero v. Ross*, No. 18-cv-1570, Dkt. No. 127.  Plaintiffs filed a notice of cross-appeal on April 16, 2019.  Dkt. No. 132.  Plaintiffs have not asked the Supreme Court to grant certiorari before judgment or to otherwise address whether the Secretary's decision violates the equal protection component of the Fifth Amendment.

One month later, on May 15, 2019, plaintiffs filed their motion to expedite briefing on a schedule that is both extreme (requiring the government to file its opening brief in less than two weeks and its combined reply and response to plaintiffs' opening brief on cross-appeal within two weeks) and pointless (requiring the government to file two briefs just before the Supreme Court issues a ruling that will render those briefs unnecessary, and still failing to complete briefing by the June 30 deadline).  *See* Mot. at 9.

**B.  1.**  Plaintiffs' motion to expedite these appeals should be denied, and this case should be held in abeyance until the Supreme Court issues its decision in *Department of Commerce v. New York*.

Requiring the parties to brief this case on an extremely expedited basis would serve no purpose and would waste the parties' resources.  As noted, the Supreme Court is expected to issue a decision in *Department of Commerce v. New York* by the end of June.  The Supreme Court's decision is virtually certain to resolve the issues presented here, and so it makes little sense to commence briefing before the Supreme

Court's ruling. For example, if the Supreme Court affirms the New York district court's injunction, there will likely be no need for any further briefing at all.

If, on the other hand, the Supreme Court rules in the government's favor, the Court's decision will provide crucial, and likely dispositive, guidance here. The Court will necessarily have ruled on the Census Act, APA, and Enumeration Clause claims, all of which will dispose of those issues here. And it also may expressly resolve the equal-protection issue, which the government raised it in its brief. *See* Br. for Pet'r., *Department of Commerce v. New York*, No. 18-966 (U.S. Feb. 21, 2019), at 53-54 (arguing that the Secretary's decision did not violate equal protection principles).

Even if it does not expressly address equal protection, the Court's disposition of the other claims will be highly relevant to the equal-protection claim. In their motion to expedite, for example, plaintiffs cite various findings of the district court that they claim provide circumstantial evidence of discriminatory motive, including the district court's findings that the Secretary's justification for his decision was pretextual, that he inappropriately disagreed with subordinates, and that he unreasonably departed from standard procedures. Mot. at 5-8. The same findings formed the basis for the New York and California courts' conclusions that the Secretary's decision was arbitrary and capricious and violated the Enumeration Clause and are thus currently before the Supreme Court. If the Supreme Court rejects those conclusions and instead determines that the Secretary's decision was rational and that his justification for it was reasonable, supported by the record, and offered in good

7

faith, it would all but dispose of plaintiffs' equal protection claim. That is particularly the case because the district court's finding that there was no discriminatory intent on the Secretary's part is reviewed for clear error, and the district court found no evidence of discriminatory intent despite finding the question was arbitrary and capricious. *See R.J. Investments, LLC v. Bd. of County Commissioners*, 414 F. App'x 551 (4th Cir. 2011).

    **2.** Plaintiffs' request for expedition is particularly anomalous in light of their unexplained delay in seeking expedition and the resulting futility of their proposed schedule. Plaintiffs recognize that the Census Bureau must finalize the census questionnaire by the end of June 2019, at which time the Bureau must send the final questionnaire to the printer in time to produce it by April 1, 2020, the statutorily mandated decennial census date. Mot. at 2; see 13 U.S.C. 141(a). Plaintiffs have long known of this well-publicized deadline. *See, e.g.,* Dkt. No. 109, Case No. 18-cv-1041 (Jan. 17, 2019) (plaintiffs' letter to the district court in January 2019 acknowledging the June 30 deadline).

    Nevertheless, despite having lost on their equal protection claim back on April 5, 2019, plaintiffs took no action to obtain resolution of their equal protection claim by the end of June. Plaintiffs failed to ask the Supreme Court to consider the issue. Plaintiffs did not even move swiftly to expedite their appeal before this Court, waiting more than five weeks to seek expedition. And they have provided no explanation for these failures and delays. By proceeding in this way, plaintiffs have ensured that

8

neither this Court nor, if necessary, the Supreme Court will have sufficient time to review their equal protection claim before the June deadline. Indeed, even under plaintiffs' extreme briefing schedule, briefing in this Court would not be completed before the deadline. *See* Mot. at 9.

**3.** Finally, plaintiffs cannot show any likelihood of success that would justify their schedule. As noted, the two district courts to address plaintiffs' equal protection challenge to the Secretary's decision have rejected it, notwithstanding the courts' lengthy and otherwise critical analyses of that decision, and the district court's finding regarding discriminatory intent is reviewed for clear error. And as noted above, a ruling from this Court on plaintiffs' equal-protection claim will be necessary only in the event that the Supreme Court has ruled in favor of the government, necessarily rejecting a number of other claims.

**C.** Accordingly, this Court should deny plaintiffs' belated request for expedition and should hold these appeals and cross-appeal in abeyance until the Supreme Court rules. If the Supreme Court rules in the government's favor, the parties can brief any issues that still may remain. The government would have no objection to expedition at that time. The government also does not object to plaintiffs' filing an opening brief on their cross-appeal before the end of June, as long as the government's response brief is not due until at least two weeks after the Supreme Court's decision. For the reasons discussed, however, any briefing prior to the Supreme Court's decision would make little sense.

9

## CONCLUSION

Plaintiffs' request for expedition should be denied and this case should be held in abeyance until the Supreme Court issues its decision in *Department of Commerce v. New York*, No. 18-966.

                                                Respectfully submitted,

JOSEPH H. HUNT
  *Assistant Attorney General*

HASHIM M. MOOPPAN
  *Deputy Assistant Attorney General*

MARK B. STERN
s/Gerard Sinzdak
GERARD SINZDAK
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice, Room 7242*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
  *202-353-9018*

*Counsel for the Government*

MAY 2019

## CERTIFICATION OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 2,259 words, according to the count of Microsoft Word.

s/Gerard Sinzdak<br>
GERARD SINZDAK

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

s/Gerard Sinzdak
GERARD SINZDAK
