FILED: June 25, 2019
AMENDED: June 26, 2019*

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-1382 (L)
(8:18-cv-01570-GJH)

_____

LA UNION DEL PUEBLO ENTERO; TEXAS SENATE HISPANIC CAUCUS; TEXAS HOUSE OF REPRESENTATIVES MEXICAN AMERICAN LEGISLATIVE CAUCUS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; CALIFORNIA LATINO LEGISLATIVE CAUCUS; COALITION FOR HUMANE IMMIGRANT RIGHTS; DOLORES HUERTA FOUNDATION; MI FAMILIA VOTA EDUCATION FUND; SOMOS UN PUEBLO UNIDO; GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; PROMISE ARIZONA; EL PUEBLO, INC.; MARYLAND LEGISLATIVE LATINO CAUCUS; ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO; ASIA SERVICES IN ACTION, INC.; ORGANIZATION OF CHINESE AMERICANS-GREATER HOUSTON; MINKWON CENTER FOR COMMUNITY ACTION, INC.; CHELSEA COLLABORATIVE; CHICANOS POR LA CAUSA; LATINO COMMUNITY FUND OF WASHINGTON; ARIZONA LATINO LEGISLATIVE CAUCUS; GENE WU; JUANITA VALDEZ-COX; CALIFORNIA LEGISLATIVE BLACK CAUSUS; CALIFORNIA ASIAN PACIFIC ISLANDER LEGISLATIVE CAUCUS; OCA-GREATER HOUSTON; FRIENDLY HOUSE; FOUR DIRECTIONS, INC.; MIA GREGERSON; RAJ MUKHERJI; CINDY RYU; SHARON SANTOS; OLIVER SEMANS, SR.

        Plaintiffs – Appellees

v.

WILBUR L. ROSS, sued in his official capacity as U.S. Secretary of Commerce; DIRECTOR RON JARMIN, sued in his official capacity as Performing the Non-Exclusive Functions and Duties of the Director, U.S. Census Bureau; U. S. CENSUS BUREAU; U. S. DEPARTMENT OF COMMERCE

        Defendants – Appellants

_____

* On page 4, lines 3-4 are corrected to read: "Judge Agee voted to deny the motion for remand for the reasons well stated by the Government."

_____

No. 19-1387
(8:18-cv-01041-GJH)
_____

ROBYN KRAVITZ; MICHAEL KRAVITZ; CATHERINE NWOSU; NNABUGWU NWOSU; JOANNE WILSON; RICHARD MCCUNE; JOSE MORENO; DIANA ALEXANDER; MARTHA SANCHEZ; LAUREN RACHEL BERMAN; YAMILE LABORI; SARAH BRYAN; ALEJANDRO CHAVEZ; MICHAEL KAGAN; SONIA CASAREZ SHAFER; LAZARA YOELVIS MAGADAN; LINDA RIVAS; T. CARTER ROSS; VIRGINIA GARCIA; ELIZABETH BUCHANAN; MAEGAN ORTIZ

   Plaintiffs – Appellees

v.

UNITED STATES DEPARTMENT OF COMMERCE; U. S. CENSUS BUREAU; WILBUR L. ROSS, in his official capacity as Secretary of Commerce; KAREN DUNN KELLEY, in her official capacity as the Under Secretary for Economic Affairs, performing nonexclusive duties of the Deputy Secretary of Commerce; RON JARMIN, in his official capacity as an employee of the U.S. Census Bureau performing the non-exclusive functions and duties of the Director of the U.S. Census Bureau; DR. STEVEN DILLINGHAM, Deputy Director of the Census Bureau

   Defendants - Appellants

_____

No. 19-1425
(8:18-cv-01570-GJH)
_____

LA UNION DEL PUEBLO ENTERO; TEXAS SENATE HISPANIC CAUCUS; TEXAS HOUSE OF REPRESENTATIVES MEXICAN AMERICAN LEGISLATIVE CAUCUS; SOUTHWEST VOTER REGISTRATION EDUCATION PROJECT; CALIFORNIA LATINO LEGISLATIVE CAUCUS; COALITION FOR HUMANE IMMIGRANT RIGHTS; SOMOS UN PUEBLO UNIDO; DOLORES HUERTA FOUNDATION; MI FAMILIA VOTA EDUCATION FUND; GEORGIA ASSOCIATION OF LATINO ELECTED OFFICIALS; LABOR COUNCIL FOR LATIN AMERICAN ADVANCEMENT; PROMISE ARIZONA; EL PUEBLO, INC.; MARYLAND

LEGISLATIVE LATINO CAUCUS; ASIAN AMERICANS ADVANCING JUSTICE-CHICAGO; ASIA SERVICES IN ACTION, INC.; ORGANIZATION OF CHINESE AMERICANS-GREATER HOUSTON; MINKWON CENTER FOR COMMUNITY ACTION, INC.; CHELSEA COLLABORATIVE; CHICANOS POR LA CAUSA; LATINO COMMUNITY FUND OF WASHINGTON; ARIZONA LATINO LEGISLATIVE CAUCUS; GENE WU; JUANITA VALDEZ-COX; CALIFORNIA LEGISLATIVE BLACK CAUSUS; CALIFORNIA ASIAN PACIFIC ISLANDER LEGISLATIVE CAUCUS; OCA-GREATER HOUSTON; FRIENDLY HOUSE; FOUR DIRECTIONS, INC.; MIA GREGERSON; RAJ MUKHERJI; CINDY RYU; SHARON SANTOS; OLIVER SEMANS, SR.

        Plaintiffs – Appellants

v.

WILBUR L. ROSS, sued in his official capacity as U.S. Secretary of Commerce; DIRECTOR RON JARMIN, sued in his official capacity as Performing the Non-Exclusive Functions and Duties of the Director, U.S. Census Bureau; U. S. CENSUS BUREAU; U. S. DEPARTMENT OF COMMERCE

        Defendants – Appellees

---

O R D E R

---

Upon consideration of submissions relative to the plaintiffs' motion for remand, this Court hereby grants the motion. More specifically, we remand for further proceedings on the Fifth Amendment equal protection claim and the 42 U.S.C. § 1985 claim, so that the district court may address and resolve the matters identified in its Indicative Ruling of June 19, 2019, and its related Memorandum Opinion of June 24, 2019. Pursuant to Rule 12.1(b) of the Federal Rules of Appellate Procedure, we will retain jurisdiction during the pendency of the remand proceedings. After the district court's entry of a final ruling on the plaintiffs' pending motion for relief from final judgment, the parties must comply with the notification requirement of

3

Rule 12.1(b).

Entered at the direction of Judge King with the concurrence of Judge Wynn. Judge Wynn filed a separate concurring statement. Judge Agee voted to deny the motion for remand for the reasons well stated by the Government.

For the Court

/s/ Patricia S. Connor, Clerk

WYNN, J., concurring:

I concur in the Court's decision to remand this case for further proceedings on the Fifth Amendment equal protection claim and the 42 U.S.C. § 1985 claim, so that the district court may address and resolve matters identified in its Indicative Ruling and related Memorandum Opinion.

In addressing and resolving those matters, the district court should keep in mind that "discriminatory intent *need not be proved by direct evidence.*" *Rogers v. Lodge*, 458 U.S. 613, 618 (1982) (emphasis added). Instead, when deciding whether discriminatory intent motivates a facially neutral law, courts undertake a "sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Village of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 266 (1977) (emphasis added). Therefore, "necessarily," an "invidious discriminatory purpose may often be *inferred* from the totality of the relevant facts, including the fact, if it is true, that the law bears more heavily on one race than another." *Washington v. Davis*, 426 U.S. 229, 242 (1976) (emphasis added). To that end, even in the absence of direct evidence of invidious discriminatory intent, this Court and other courts have found such intent

4

when, for example, a governmental decisionmaker was aware that an action was likely to disproportionately impact a minority group, the decisionmaker declined to impose ameliorative measures to minimize the likely disproportionate impact, the decisionmaker's process for deciding to take the action deviated from standard practice, and the decisionmaker provided pretextual reasons for taking the action. *See N.C. State Conference of NAACP v. McCrory*, 831 F.3d 204, 221 (4th Cir. 2016); *Veasey v. Abbott*, 830 F.3d 216, 235 (5th Cir. 2016) (en banc); *United States v. Yonkers Bd. of Ed.*, 837 F.2d 1181, 1229–30 (2d Cir. 1987).

It may be prudent upon remand, for the district court to consider whether it is appropriate for the district court to preliminarily enjoin the Government from placing the citizenship question on the 2020 Census questionnaire pending the district court's and this Court's final review of Plaintiffs' equal protection and Section 1985 claims. Although U.S. Census Bureau Chief Scientist Dr. John Abowd testified that "the final date for locking down the content of the census questionnaire is October 31, 2019," J.A. 771, the Government's briefing has repeatedly represented to this Court and the Supreme Court that the 2020 Census questionnaire must be finalized by this Sunday, June 30, 2019. Thus, if the district court does not anticipate deciding this case until after June 30, 2019 (which appears highly likely, given that the district court has indicated it plans to reopen discovery and order an evidentiary hearing), a preliminary injunction may be necessary to prevent the printing of the Census questionnaire from, at least from the Government's perspective, rendering the case moot.

In any event, I believe that the district court should expeditiously address Plaintiffs' equal protection and Section 1985 claims to prevent unduly interfering with the preparation of

5

the Census questionnaire and interfering with appellate review of its ultimate determination as to those claims.